IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAITRIONA BRADY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 21-1934 |
| | : | |
| **THE MIDDLE EAST FORUM,** *et al.* | : | |

# ORDER

**AND NOW**, this 10th day of May 2021, upon considering Plaintiff's Motion for reconsideration (ECF Doc. No. 4) of our dismissal for lack of subject matter jurisdiction but offering no grounds for reconsideration as she fails to offer new law or facts or a need to correct a manifest injustice after she does not explain why she failed to honor our show cause Order (ECF Doc. No. 2), and also fails to attach an amended Complaint establishing our subject matter jurisdiction as she fails to plead corporate citizenship for the entity Defendant or the individual Defendants, it is **ORDERED** Plaintiff's Motion for reconsideration (ECF Doc. No. 4) is **DENIED** without prejudice to filing a new case if she can plead our subject matter jurisdiction.[1]

_____
**KEARNEY, J.**

---

[1] A motion for reconsideration may only be granted where the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Such motions are sparingly granted "because courts have a strong interest in the finality of judgments." *Whitsitt v. Comcast-Spectacor, L.P.*, No. 11-7842, 2014 WL 3732131, *8 (E.D. Pa. July 28, 2014) (quoting *Douris v. Schweiker*, 229 F.Supp.2d 391, 408 (E.D. Pa. 2002)).